UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 3:19-CV-000237-FDW-DCK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOT TACO, LLC, d/b/a HOT TACO, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT JUDGMENT AND ORDER**

THIS MATTER is before the Court on the joint Motion to Approve Consent Judgment (Doc. No. 9), wherein counsel for Plaintiff and Defendant Hot Taco, LLC, d/b/a Hot Taco (hereinafter "Defendant") consent to the entry of this Judgment, without further contest. For the reasons stated in the Motion, it is GRANTED.

It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant, its agents, servants, employees and all persons in active concert or participation with Defendant who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. Defendant shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for

commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. Defendant shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. Defendant shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.2.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant is further enjoined from withholding back wages in the amount of $86,392.46 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. Defendant shall pay this amount, along with liquidated damages in the total amount of $34,556.98 to the employees listed on Schedule "A" attached hereto, in the amounts indicated for each employee. Defendant agrees to pay directly to the employees the amounts due, less legal payroll deductions, within ninety (90) days of the entry of this Consent Judgment and Order by the Court. Defendant shall provide evidence of such payments no later than thirty (30) days following payment to the Wage and Hour Division's Charlotte Area Office.

Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder.

In the event that any employees cannot be located, or refuse to the accept the back wages and/or liquidated damages, Defendant agrees to provide to the Secretary's representative a cashier's check or certified check, payable to "Wage Hour Division – Labor" to cover the total net due to all such employees. Defendant may also make such payment online at https://pay.gov/public/form/start/75535158.  After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be deposited into the Treasury of the United States as miscellaneous receipts.

The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

It is FURTHER ORDERED that in the event of default by the Defendant in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

It is FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.  By consenting to the entry of this Order, Defendant neither admits nor denies the allegations contained within the Complaint.

The CLERK OF COURT is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: February 13, 2020

Frank D. Whitney
Chief United States District Judge

| Defendant consents to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
|---|---|

*C. Grainger Pierce, Jr.*
C. GRAINGER PIERCE, JR.

KATE S. O'SCANNLAIN
Solicitor of Labor

Van Hoy, Ruetlinger, Adams & Pierce, PLLC
737 East Boulevard
Charlotte, NC 28203
(704) 375-6022
(704) 375-6024

TREMELLE I. HOWARD
Acting Regional Solicitor

ROBERT L. WALTER
Counsel

Attorney for Defendant.

By: *Jeremy K. Fisher*
    JEREMY K. FISHER
    Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)

Attorneys for Plaintiff.